UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DESHONE ORR,

        Plaintiff,

    v.

KELLEY, et al.,

        Defendants.

Case No.: 3:25-CV-00711-MMD-CLB

**ORDER GRANTING MOTION TO WITHDRAW AS ATTORNEY, GRANTING IN PART MOTION TO WITHDRAW MOTION TO AMEND, AND DENYING MOTIONS FOR DISPOSITION AND STATUS REPORT**

State prisoner Deshone Orr brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he allegedly suffered while incarcerated at Southern Desert Correctional Center. (ECF No. 1-1.) On March 4, 2026, attorney Adam Breeden filed a notice of appearance on behalf of Plaintiff. (ECF No. 7.) Breeden later filed a motion seeking leave to file a first amended complaint. (ECF No. 8.) Two weeks later, Plaintiff filed a motion "to dismiss" Breeden's motion, arguing that they did not finalize an attorney-client contract and Plaintiff strongly disagrees with the changes that Breeden proposes to make to his pleading. (ECF No. 9.) Plaintiff also asks the Court to file a complaint against Breeden with the appropriate authorities. (*Id.* at 4.) Plaintiff's motion is supported by his declaration. (*Id.* at 1–2.)

Breeden then moved under LR IA 11-6 to withdraw as Plaintiff's counsel, arguing that he and Plaintiff are at an "impasse" "as to how the litigation will be conducted" and Plaintiff "apparently does not wish to retain Mr. Breeden or his law firm." (ECF No. 10 at 3.) Breeden's motion is supported by his declaration. (*Id.* at 4.) It states that a copy was mailed to Plaintiff at Northern Nevada Correctional Center ("NNCC"). (*Id.* at 5.) Thereafter, Plaintiff filed motions seeking a disposition and asking about the status of this lawsuit considering these recent filings. (ECF Nos. 12, 13.)

///

///

## I.    DISCUSSION

### A.    Breeden's Motion to Withdraw as Attorney

This Court's local rules provide that unless otherwise ordered, "a party who has appeared by an attorney cannot while so represented appear or act in the case." LR IA 11-6(a). "This means that once an attorney makes an appearance on behalf of a party, that party may not personally file a document with the court; all filings must thereafter be made by the attorney." *Id.* "If an attorney seeks to withdraw after appearing in a case, the attorney must file a motion or stipulation and serve it on the affected client and opposing counsel." *Id.* at (b). "The affected client may, but is not required to, file a response to the attorney's motion" within 14 days unless otherwise ordered. *Id.* Withdrawal will be granted upon a showing of good cause. *Id.* at (e).

The Court does not find that additional briefing or a hearing is needed about Breeden's motion to withdraw as Plaintiff's attorney. Plaintiff and Breeden each provide a declaration and those documents tend to show that there was a mistake about whether Breeden would represent Plaintiff and they demonstrate that there is a fundamental conflict between them about how this litigation should proceed. Plaintiff's motion seeking a status update reiterates that he does not want Breeden to be his attorney and wants the Court to screen his *pro se* complaint and disregard Breeden's proposed amended complaint. This action is still in the screening stage and Plaintiff and Breeden were timely with their respective motions. The Court does not perceive that withdrawal will delay this action or prejudice any opposing party. Breeden has shown good cause to permit him and his firm to withdraw as Plaintiff's counsel, so the Court grants his motion for that relief.

### B.    Breeden's Motion to Amend and Plaintiff's Related Motions

"A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. "A civil-rights complaint filed by a person who is not represented by an attorney must be submitted on the form provided by this court or must be legible and contain substantially all the information called for by the court's form." LSR 2-1. Because Plaintiff

is self-represented, he must personally sign every filing that he submits to the Court. *See* Fed. R. Civ. P. 11(a).

Plaintiff's *pro se* complaint uses the Court's approved form and is personally signed by him. (ECF No. 1-1.) Plaintiff insists that he did not approve of the proposed amended complaint that Breeden submitted. (*See, e.g.*, ECF No. 12 at 2–3.) And the Court has allowed Breeden to withdraw as Plaintiff's counsel. The Court construes Plaintiff's motion "to dismiss" as seeking to withdraw the motion for leave to amend, and it grants him that narrow relief. Breeden's motion for leave to amend is deemed withdrawn. Plaintiff's motion to dismiss is denied in all other respects. And Plaintiff's motions for disposition and a status report are denied as moot in light of this order. Plaintiff is advised that the Court will screen his original *pro se* complaint in the ordinary course, and the screening process might take several months.

## II.    CONCLUSION

**IT IS THEREFORE ORDERED** that Breeden's motion to withdraw as attorney (ECF No. 10) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to dismiss (ECF No. 9) is construed as a motion to withdraw Breeden's motion for leave to file an amended complaint and, so construed, is **GRANTED in part**. Breeden's motion for leave to amend (ECF No. 8) is deemed **WITHDRAWN** and the Court will screen Plaintiff's original complaint in the ordinary course. Plaintiff's motion is **DENIED in all other respects**.

**IT IS FURTHER ORDERED** that Plaintiff's motions for disposition and a status report (ECF Nos. 12, 13) are **DENIED as moot**.

**DATED**: April 13, 2026

_____
UNITED STATES MAGISTRATE JUDGE

3